**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHANIE SUTTERS AND** | § | |
| **SCOTTIE MILES** | § | |
| *Plaintiffs,* | § | |
| **v.** | § | **CIVIL ACTION NO.**_____ |
| **D4 LOGISTICS, INC. AND** | § | |
| **PANTCHO STOIANOV** | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Stephanie Sutters and Scottie Miles file this Original Complaint, complaining of D4 Logistics, Inc. and Pantcho Stoianov, Defendants. For cause of action, Plaintiff would show the Honorable Court as follows:

## I.    PARTIES

1.   Plaintiff Stephanie Sutters is an individual and is a citizen of the State of Wisconsin.

2.   Plaintiff Scottie Miles is an individual and is a citizen of the State of Wisconsin.

3.   D4 Logistics, Inc. is a Canadian for-profit corporation. It is incorporated in Ontario, Canada. Its principal place of business is Ontario, Canada. It may be served with process through its registered agent International Border Trucking Compliance Service, Inc. at 1519 Wyoming El Paso, Texas 79902.

4.   Pantcho Stoianov is an individual and a citizen of Ontario, Canada. Pantcho Stoianov is a nonresident person who was operating a motor vehicle in the State of Texas when the collision occurred that is the basis for this lawsuit. Therefore, he may be served with process through the Chairman of the Texas Transportation Commission pursuant to Tex. Civ. Prac. & Rem. Code § 17.062. The Chairman of the Texas Transportation Commission, J. Bruce Bugg Jr., may be

served at the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483. Mr. Stoianov's last known address is B829 Stonehaven Avenue, Newmarket, Ontario Canada L3X 2K3.

## II.     JURISDICTION

5.   The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because the Plaintiffs are citizens of the State of Wisconsin and the Defendants are subjects of Canada, a foreign state; therefore, there is diversity of citizenship. Furthermore, the amount in controversy exceeds $75,000.00, excluding interests and costs.

## III.     VENUE

6.   Venue is proper this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, the collision occurred on IH-30 eastbound near the intersection of County Road 2222 in Hunt County, Texas.

## IV.     CONDITIONS PRECEDENT

7.   All conditions precedent have been performed or have occurred.

## V.     FACTS

8.   Defendant D4 Logistics, Inc. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration ("FMCSA").

9.   To obtain the authority to operate commercial motor vehicles weighing over 26,000 pounds on the public roadways, Defendant D4 Logistics submitted an OP-1 application for motor carrier authority to the FMCSA.

10.   In the OP-1 application, Defendant D4 Logistics made several promises under penalty of perjury. These sworn promises included:

a. D4 Logistics, Inc. has in place a system and individual responsible for ensuring overall compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs");

b. D4 Logistics, Inc. has in place a driver safety training/orientation program;

c. D4 Logistics, Inc. is familiar with DOT regulations governing driver qualifications and has in place a system for overseeing driver qualification requirements;

d. D4 Logistics, Inc. has policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

11. Defendant D4 Logistics, Inc. knew or should have known, in light of the surrounding circumstances, that if it broke these promises and failed to implement the safety management systems necessary to ensure compliance with the FMCSRs there would naturally and probably be preventable crashes resulting in injury and damage.

12. Despite this knowledge, Defendant broke its promises and violated its sworn oath and the FMCSRs. Specifically, Defendant did not:

a. Adopt and enforce policies and procedures to ensure that its drivers operated its vehicles in a safe manner;

b. Train its drivers;

c. Adopt and enforce policies and procedures too ensure that its drivers complied with the FMCSRs;

d. Ensure that drivers were qualified by reason of training and experience to operate its vehicles safely.

13. Defendant D4 Logistics, Inc. hired, qualified, and retained Defendant Pantcho Stoianov as a professional commercial vehicle driver.

14. The job required Defendant Stoianov to operate a commercial motor vehicle on the public roadways of Hunt County, Texas.

15. At all times relevant to this lawsuit, Defendant Pantcho Stoianov was acting in the course and scope of his actual and/or statutory employment with Defendant D4 Logistics Inc.

16. On or about February 3, 2022, Plaintiff Stephanie Sutters was driving eastbound on IH-30 in her commercial vehicle with Plaintiff Scottie Miles as her passenger.

17. The roads had become icy and Plaintiff Stephanie Sutters had reduced the speed of her commercial vehicle and was looking to exit the highway at the earliest point possible.

18. Defendant Stoianov was also operating a commercial motor vehicle and driving east bound on IH-30 behind Plaintiffs' vehicle.

19. Defendant Stoianov was driving his commercial motor vehicle at an unsafe speed as he approached Plaintiffs' vehicle on the highway.

20. Defendant Stoianov was unable to successfully brake his commercial vehicle to avoid a collision with the rear of Plaintiffs' vehicle.

21. Defendant Stoianov's commercial motor vehicle struck the rear of Plaintiff's motor vehicle.

22. As a proximate result of the collision, Plaintiffs suffered injuries.

23. The manner in which the collision occurred is consistent with Defendant D4 Logistics, Inc.'s violation of its duties to adopt and enforce policies and procedures to ensure that its drivers operated its vehicles in a safe manner; train its drivers; adopt and enforce policies and procedures too ensure that its drivers complied with the FMCSRs; and, ensure that drivers were qualified by reason of training and experience to operate its vehicles safely.

24. Had Defendant D4 Logistics, Inc. not violated its duties, the crash would not have occurred.

## VI. CAUSE OF ACTION

25. Defendant D4 Logistics, Inc. was negligent in failing to monitor, train, educate, direct, set policies, or give guidance to its drivers regarding:

    a. The safe operation of commercial motor vehicles;

    b. How to properly manage the speed of the vehicles for road conditions;

    c. How to properly manage space in front of and around the tractor-trailer to allow adjustments for road or traffic conditions;

    d. How to regularly scan ahead to perceive upcoming conditions in the roadway.

26. Defendant D4 Logistics, Inc. promised under oath to establish a driver training program when it submitted its OP-1 form.

27. Defendant D4 Logistics, Inc. violated this promise when it failed to train its drivers as set out above.

28. Defendant D4 Logistics, Inc. is also negligent in ensuring that its driver, through training or experience, was qualified to drive a commercial motor vehicle.

29. Defendant D4 Logistics, Inc. was also negligent in failing to establish policies and procedures to ensure its drivers operated its commercial motor vehicles in a safe manner and to ensure its drivers complied with the FMCSRs.

30. Defendant D4 Logistics, Inc. failed to supervise and monitor its drivers when it allowed Defendant Stoianov to operate the commercial vehicle at an unsafe speed, especially considering the road conditions at the time of the crash.

31. Defendant D4 Logistics knew or should have known, in light of the surrounding circumstances, that its acts and omissions would naturally and probably result in injury or damage.

32. Nevertheless, Defendant D4 Logistics, Inc. continued its conduct with conscious disregard of the consequences. Thus, it is liable for punitive damages.

33. Defendant Pantcho Stoianov was negligent in the operation of the tractor-trailer.

34. Specifically, Defendant Pantcho Stoianov:

   a.   Failed to keep a proper lookout;

   b.   Failed to yield the right of way;

   c.   Failed to control his speed;

   d.   Failed to timely apply his brakes;

   e.   Failed to keep a proper following distance; and,

   f.   Failed to drive as a reasonably prudent commercial vehicle driver under the same or similar circumstances.

35. As a direct and proximate result of this negligence, Plaintiffs sustained personal injuries.

36. Defendant D4 Logistics, Inc. is vicariously liable for the negligence of Defendant Pantcho Stoianov under the statutory employment doctrine as well as the doctrine of respondeat superior.

37. Based on the facts of this wreck, it appears that Defendant Pantcho Stoianov may have been fatigued, distracted, or driving in violation of the hours-of-service regulations.

38. It further appears that Defendant D4 Logistics, Inc. may have been negligent in its entrustment of a commercial vehicle to Defendant Pantcho Stoianov.

39.  Furthermore, it appears that Defendant D4 Logistics, Inc. may have been negligent and in the qualification, hiring, training, supervision, and retention of Defendant Pantcho Stoianov.

## VII.   DAMAGES

40.  Plaintiffs seek to recover the following elements of damages, which were proximately caused by Defendants' negligence.

   a.  Medical care, past and future;

   b.  Lost wages and earning capacity, past and future;

   c.  Physical impairment, past and future;

   d.  Physical pain, emotional distress, and mental anguish, past and future;

   e.  Disfigurement, past and future; and,

   f.  Punitive damages.

41.  Plaintiffs also seek to recover prejudgment interest, post-judgment interest, and court costs.

## VIII.   PRAYER

42.  For these reasons, Plaintiffs pray that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiffs and against Defendants, jointly and severally, for actual damages, together with pre-judgment interest, post-judgment interest, court costs, and all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

By:     /s/ *Natalie M. Arledge*
        Natalie M. Arledge
        Texas Bar No. 24073464
        COWEN | RODRIGUEZ | PEACOCK, P.C.
        6243 W IH-10, STE 801
        San Antonio, TX 78201
        T (210) 941-1301
        F (210) 880-9461
        Email for Service: efilings@cowenlaw.com

        **COUNSEL FOR PLAINTIFFS**